

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 AUG 27  PM 3: 46

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MURANDA GABRIEL GIPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-162 |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On July 18, 2014, petitioner, MURANDA GABRIEL GIPSON, a state prisoner, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons detailed below, the undersigned recommends the petition be DISMISSED as time barred.

### I.
### PROCEDURAL BACKGROUND

On September 26, 2011 in Potter County, Texas, petitioner pleaded guilty to the offense of robbery pursuant to a plea bargain. The trial court deferred adjudication and placed petitioner on five (5) years of deferred adjudication community supervision. Subsequently, the State filed a motion to revoke the petitioner's community supervision, alleging multiple community supervision violations. Petitioner entered a plea of true to the motion to adjudicate. The court

accepted petitioner GIPSON's plea and on September 25, 2012, sentenced her to (9) nine-years imprisonment. Petitioner did not file a direct appeal.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends the State of Texas is holding her in violation of the Constitution and laws of the United States because:

1. She received ineffective assistance of counsel; and

2. Her plea was not entered voluntarily and intelligently.

## III.
## THE PETITION IS NOT TIMELY FILED

*A. Time Limitations*

Petitioner filed this § 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*B. The Time Line in Petitioner's Case*

The Order of Deferred Adjudication was entered on September 26, 2011. State Habeas

Records 81,334-01 at 44. The Judgment Adjudicating Guilt was entered on September 25, 2012. Petitioner had thirty days, or until October 25, 2012, in which to file a Notice of Appeal. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, did not directly appeal her adjudication of guilt, and petitioner's judgment became final upon the expiration of the time period in which to file Notice of Appeal.

Pursuant to 28 U.S.C. § 2244, petitioner was afforded one year from October 25, 2012, until October 25, 2013, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. Since petitioner did not file her first state habeas corpus application until March 15, 2014, almost five (5) months after the period for filing a federal habeas petitioner had expired, petitioner's state habeas applications did not toll the statute of limitations. Petitioner filed this federal petition for habeas relief on July 15, 2014, well after the expiration of the 1-year time period.

Petitioner claims she is entitled to tolling based upon ineffective assistance of counsel and intellectual disability. Regarding the ineffective assistance of counsel claim, respondent, in his motion to dismiss, states GIPSON's claims should be dismissed as conclusory. The Court issued an order for petitioner to file a response to respondent's motion to dismiss addressing her claims for tolling. In that response, petitioner did not explain how any ineffective assistance of counsel prevented her from timely filing this federal petition. Petitioner GIPSON's claim for tolling based upon ineffective assistance of counsel is without merit.

Regarding petitioner's claim that a mental disability or low I.Q. caused her to miss the filing deadline, petitioner's claim is without merit. While the Fifth Circuit has recognized the *possibility* that mental incapacity may provide a basis for equitable tolling, *see Fisher v. Johnson*,

174 F.3d 710, 713 (5th Cir. 1999), it has held that for tolling to be applied, a petitioner must have been *prevented* by their mental state from seeking post conviction remedies. *Robinson v. Johnson*, 218 F.3d 744, at *1 (5th Cir. 2000) (unpublished opinion) (citing *Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 233 (5th Cir. 1999)). Petitioner has not shown her intellectual disabilities prevented her from filing a habeas petition because she was incapacitated or that she was unable to prepare her habeas petition because she was in treatment for the duration of the statute of limitations period. Instead, petitioner only argues in general terms that her intellectual disability prevented her from filing in a timely fashion. Petitioner, however, filed state and federal habeas applications, demonstrating she was competent to pursue her legal rights. *See generally Hughes v. Cockrell*, No. 3:01-CV-2256-L, 2003 WL 21510812 at *4 (N.D. Tex. March 31, 2003) (rejecting petitioner's claim that IQ of 81 entitled inmate to equitable tolling as he had "not shown that his low IQ prevented him from managing his affairs or understanding his legal rights and acting upon them during the relevant time period."). Petitioner has not shown her failure to file her applications in a timely manner was a result of any mental disability. Petitioner's request for tolling should be denied.

Lastly, the claims asserted do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review. Nor has petitioner claimed that any unconstitutional state action impeded petitioner's filing of a federal habeas petition. Petitioner has not made any other claims for equitable tolling and no reason for any such tolling is apparent from the record.

Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MURANDA GABRIEL GIPSON be DISMISSED as time barred.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __27th__ day of August 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).